MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Kyambadde,<br><br>    Petitioner,<br><br>v.<br><br>Luis Rosa, Jr., et al.,<br><br>    Respondents. | No.   CV-26-01141-PHX-MTL (MTM)<br><br>**ORDER** |

    Petitioner Ronald Kyambadde, who is confined in the Florence Correctional Center, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1), a Motion for Appointment of Counsel (Doc. 3), a Motion for Preliminary Injunction (Doc. 4), and a Motion for Limited Discovery (Doc. 5).  The Court will deny without prejudice the Petition and deny as moot the pending motions.

**I.  Procedural History**

    On January 9, 2026, in *Ronald v. Rosa*, CV-26-00138-PHX-MTL (CDB),[1] Petitioner filed a § 2241 Petition challenging his immigration detention.  *See* Doc. 1 in CV-26-00138.  In his Petition, Petitioner alleged his removal order became final on September 30, 2025; more than 90 days had passed; and there was no significant likelihood of removal in the reasonably foreseeable future.  *Id.*  In a January 13 Order, the Court ordered Respondents to show cause why the Petition should not be granted.  *See* Doc. 7

---

[1] It appears the docket in CV-26-00138 listed Petitioner's first and last names in the reverse order.

in CV-26-00138. Respondents filed their response on January 26. *See* Doc. 11 in CV 26-00138.

In a February 10, 2026 Order, the Court denied without prejudice the Petition. *See* Doc. 18 in CV-26-00138. The Court explained:

### I.

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government cannot effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than six months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* From that point, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

### II.

The Petition alleges, "[o]n September 30, 2025, an Immigration Judge ordered Petitioner removed to Uganda but granted him withholding of removal to Uganda because of his sexual orientation as a gay man and the harm he will definitely face if removed to Uganda." (Doc. 1 at 2.) It also alleges that

> "Petitioner waived appeal, and the order became administratively final that day." (*Id*.) Respondents agree. (Doc. 11-1 at 3 ¶ 17.)
>
> As the Petition itself explains, Petitioner's detention is still within the 6-month period of presumptive reasonableness under *Zadvydas*. Thus, Petitioner's detention is not unreasonable as a matter of law, and the Petition must be dismissed.
>
> Even so, on this record, the Court finds that Petitioner cannot show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Respondents are working to remove Petitioner from the United States to a country other than Uganda. Respondents explain that he requested removal "to Switzerland, Austria, or the United Kingdom." (*Id.* ¶ 18.) Respondents appear to be working towards that result, as Petitioner desires, if obtainable. Respondents explain that "[o]n November 4, 2025, ICE submitted a request for assistance to for [sic] a third country removal to Switzerland, Austria or the UK." (*Id.* ¶ 19.) Then, on November 20, and December 7, 2025, "ICE resubmitted a request for assistance with third country removal." (*Id.* ¶¶ 20-21.) Additionally, "[o]n January 1, 2026, ICE submitted a request for acceptance of Petitioner to Kenya, Tanzania, Rwanda." (*Id.* ¶ 22.)

*Id.*

The Clerk of Court entered judgment on February 10, 2026. *See* Doc. 19 in CV-26-00138. Petitioner has not filed a motion for reconsideration, a motion for relief from the judgment, or an appeal. Instead, he filed this action just eight days later.

**II.   Discussion**

There is nothing new here. Petitioner's detention is still within the 6-month period of presumptive reasonableness under *Zadvydas*. Thus, Petitioner's detention is not unreasonable as a matter of law. And based on the allegations in the Petition and the record in CV-26-00138, the Court finds Petitioner cannot show there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Thus, the Court will deny without prejudice the Petition. The Court will also deny as moot the pending Motions.

1    **IT IS ORDERED:**

2    (1)   Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **denied without prejudice**. The Clerk of Court must enter judgment accordingly and close this action.

(2)   Petitioner's Motion for Appointment of Counsel (Doc. 3), Motion for Preliminary Injunction (Doc. 4), and Motion for Limited Discovery (Doc. 5) are **denied as moot**.

Dated this 19th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge